# ORIGINAL

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA


MORDLE, IAN

_____ Petitioner

Vs

I.N.S.

_____ Respondant

# 1: CV00-1168 3

NO._____

FILED
SCRANTON

JUN 2 8 2000

PER _____ KMC. _____
DEPUTY CLERK

PETITION FOR WRIT OF HEBEAS CORPUS

UNDER U.S.C. § 2241


RECEIVED
SCRANTON

JUN 2 6 2000

PER _____ PA _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

MORDLE, IAN
&ast;
&ast;
&ast;
&ast;
&ast;
&ast;
&ast;
              Vs
&ast;
&ast;
&ast;
&ast;
&ast;
&ast;
&ast;
I.N.S.
&ast;
&ast;

BRIEF IN SUPPORT OF HEBEAS CORPUS

     And now,comes the Petitioner IAN MORDLE, acting Pro-Se, on this _22_ day of ___June___ 2000, who respectfully submittes this petition for Writ under 8 USC § 2241 and states the following to be true to the best of my knowledge.

Date: _June 22_,2000

## STATEMENT OF FACTS

Petitioner **IAN MORDLE**, is a male native and citizen of Guyana who entered the United States on Dec. 14, 1980, an eight years old child, and a lawful permanent resident.

On May 12, 1994, the Petitioner was convicted in the criminal Court of Westchester County in and for the State of New York, for the offense of attempted criminal possession of control substance, 7th degree.

On Feb. 17, 1995, the Petitioner was convicted in the Superior Court of Kings County in and for the state of New York, for the offense of attempted criminal possession of a weapon in the third degree.

On Jan. 13, 1997, the Petitioner was convicted in the Court of Common Pleas of Adams County in and for the Commonwealth of Pennsylvania for the offense of burglary.

## STATEMENT OF CASE

On Oct. 6, 1997, Petitioner was issued a notice to appear on the Factual Allegations that on May 12, 1994, petitioner was convicted for the offense of attempted criminal possession of a control substance in the 7th, in violation of New York State crime code 220.03, the offense of attempted criminal possession of a weapon in violation of New York State crime code 265.01,and the offense of burglary in the violation of Title § 3502 of the Pennsylvania crime code.

On the basis of these allegations, the Petitioner was charge and is found subject to deportation pursuant to the following provision(s) of law:

Sec. 237(a)(2)(A)(ii) of the Immigration and Naturalization Act, as amended, in that , any time after admission, you have been convicted of two crime involving moral turpitude not arising out of a single scheme of criminal misconduct:

Sec. 237 (a)(2)(B)(i) of the Immigration and Naturalization Act, as amended, in that any time after admission, you have beenconvicted of an aggaravated felony as defined in section 101 (a)(43) of the Act.

Sec. 237 (a)(2)(B)(i) of the INA, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violte) any law or regulation of a state, the United States or a foreign country relating to a controled substance (as defined in section 102 of the control substance Act,21 USC 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

On 4/22/1998, Petitioner was ordered removed from the U.S. to his native country of Guyana.

Petitioner made no attempt to contest or appeal this decision of the Immigration judge, but simply wishes to comply with these findings.

## ARGUEMENT

On 6/23/1999, Petitioner was relase after completion of the aforemention sentense and taken into the custody of the Immigration and Naturalization Service. The purpose of the Service's ( INS ) custoy is to insure petitioner's comlience with the I.J's order of deportation.

Petitioner has been detained in the Service's (INS) custody for over 11 mounths and the Service (INS) has not shown any cause for such prolonged detention, but just their non-complience of the Court's final order of deportation.

## CONCLUSION

Wherefore, Petitioner prays that the law being implemented and a final order being imposed, this Honorable Court grant this petition for writ of Habeas Corpus and order the Service (INS) to comply with the Court's order of deportation or immediately release Petitioner from custody.

Respectfully submitted,

IAN MORDLE    # 54704
York County Prison
3400 Concord Rd.
York. P.A. 17402

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------

*Ian Nordle*

Full name and prison number (if any) of petitioner

vs.

*I. N. S.*

Name of Respondent

----------------------------------------

## 1:CV00-1163

Case No.

Clerk to supply

28 USC § 2241

FILED
SCRANTON

JUN 2 8 2000

PER _____ 

DEPUTY CLERK

. PETITION FOR WRIT OF HABEAS CORPUS
BY PERSON IN FEDERAL CUSTODY

### INSTRUCTIONS——READ VERY CAREFULLY

To be considered by the District Court, this petition must be in writing, legibly handwritten [in English] or typewritten, attested to by the petitioner.    Answers to each applicable question must be concise.    If the space is too small for the answer to a particular question, finish it on the reverse side of the page or insert an additional blank page, making clear to which question the continuing answer refers.

Every petition for habeas corpus must be attested to.  A false statement of material fact in the petition may be made the basis of prosecution and conviction for perjury   Petitioners  should take care that their answers are true and correct.

If the petition is taken in forma pauperis, it shall include an affidavit [attached at the back of the form] setting forth information that will establish whether petitioner will be unable to pay the fees and costs of the habeas corpus proceedings.

When the petition is completed, the original and two copies shall be mailed to the Clerk of the District Court for the  Southern District of New York.

RECEIVED
SCRANTON

JUN 2 6 2000

PER _____ 

DEPUTY CLERK

-2-

1. York County Prison

2. Court of Common Pleas of Westchester County in and for the State of New York; Superior Court of New York, Kings County; and Court of Common Pleas of Adams County in and for the Commonwealth of Pennsylvania.

3. N/A

4. 5/12/1994, 2 years probation
2/07/1995, 5 years probation
1/13/1997, 18 to 36 Months incarceration

5. After a plea guilty

6. None

7. No

8. None

1.  Place of detention _____

2.  Name and location of court which imposed sentence _____

_____

3.  The indictment number or numbers [if known] upon which and the offense
or offenses for which sentence was imposed:

(a) _____

(b) _____

(c) _____

4.  The date upon which sentence was imposed and the terms of the sentence:

(a) _____

(b) _____

(c) _____

5.  Check whether a finding of guilty was made

(a) after a plea of guilty            /____/

(b) after a plea of not guilty        /____/

(c) after a plea of nolo contendre    /____/

6.  If you were found guilty after a plea of not guilty, check whether that
finding was made by

(a) a jury                            /____/

(b) a judge without a jury            /____/

7.  Did you appeal from the judgment of conviction of conviction or the

imposition of sentence?           Yes /____/ No /____/

8.  If you answered "Yes" to (7), list

(a) the name of each court to which you appealed:

-2-

i. _____ *None* _____

ii. _____

iii. _____

(b) the result in each court to which you appealed:

i. _____ *None* _____

ii. _____

iii. _____

(c) the date of each such result:

i. _____ *None* _____

ii. _____

iii. _____

(d)  if known, citations of any written opinion or order entered
pursuant to such results:

i. _____ *None* _____

ii. _____

iii. _____

9.    State concisely all the grounds on which you base each allegation that
you are being held in custody unlawfully:

(a) *Violation of Petitioner's Sixth Amendment*
*Right.*

(b) *I.N.S., failure to comply with the*
*Immigration Judge's order to pass depo*

(#)

(#)

10.  State concisely and in the same order the facts which support each of
the grounds set out in (9):

(a) _The Petitioner is under a final order_
_of deportation and that order has no_
_been complyedwith._

(b) _The Petitioner does not contest the Courts order_
_has provided all necessary travle docum_
_to comply with the court's order of_
_deportation, petitioner has filed no appea_

11. Have you previously filed petitions for habeas corpus, motions under section 2255 Of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?

Yes ☐    No ☑

12.  If you answered "Yes" to (11), list with respect to each petition, motion or application

(a) the specific nature thereof

i.   _____ None _____

ii.  _____

iii. _____

(b) the name and location of the court in which each was filed:

i.   _____ None _____

ii.  _____

iii. _____

(c) the disposition thereof:

i.   _____ None _____

ii.  _____

iii. _____

(d) the date of each disposition:

i.   _____ None _____

ii.  _____

iii. _____

(c) if known, citations of any written opinions or orders entered pursuant to each such disposition:

i.   _____ None _____

ii.  _____

iii.

13. If you did not file a motion under section 2255 of Title 28, United States Code, [or if you filed such a motion and it was denied] state why your remedy by way of such motion is inadequate or ineffective to test the legality of your dentention:

(a) Remedy by way of Motion under 2255 of Title 28, U.S.C. is inadequate to test the legality of my detention because the Petitioner does not wish to dispute or contest the Immigration Court's order of deportation.

(b)

(c)

14. Has any ground set forth in (5) been previously presented to this or any other federal court by way of petition for habeas corpus motion under section 2255 of Title 28, United States Code, or any other petition, motion or application?

Yes  /____/    No  /✓/

15. If you answered "Yes" to (14), identify

(a) which grounds have been previously presentend:

i.  _____None_____

ii.  _____

iii.  _____

(b) the proceedings in which each ground was raised:

i.  _____None_____

ii.  _____

iii.  _____

16. Were you represented by an attorney at any time during the course of

(a) your arraignment and plea?    Yes  /✓/    No  /____/

(b) your trial, if any?  None    Yes  /____/    No  /✓/

(c) your sentencing?    Yes  /✓/    No  /____/

(d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

Yes  /____/    No  /✓/

(e) preparation, presentation or consideration of any petition, motion or applications with respect to this conviction, which you filed?

Yes  /____/    No  /✓/

17. If you answered "Yes" to one or more parts of (16), list

    (a) the name and address of each attorney who represented you:

      i. _____ N/A _____

    _____

      ii. _____

    _____

      iii. _____

    _____

    (b) the proceedings at which each attorney represented you:

      i. _____ N/A _____

      ii. _____

      iii. _____

18. If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information in instructions, page 1 of this form?

                Yes ☑     No ☐

  I, _____ Ian Paul Mordue _____ , state under
      (Print (legibly) or type full name)

penalty of perjury that the foregoing is true and correct.

Executed on _June 22, 2000_
        (Month) (Date) (Year)

                           _____
                                 (Petitioner)

CERTIFICATE OF SERVICE

CASE NAME: _Ian Mordle_ vs. _INS_

CASE NO : _1:CV00-1163_

FILED
SCRANTON

JUN 28 2000

PER /s/ ___
DEPUTY CLERK

I HEREBY CERTIFY that on this _22_ day of _June_ ,2000.
I caused to be served the :

_✓_ by placing a true copy thereon in a sealed envelope, with postage

thereon fully prepaid and causing the same to be mailed by first

class mail to the address set forth below.

_____ by causing to be personally delievered a true copy thereon to the

person at the address set forth below.

_____ by FEDERAL EXPRESS: AIRBORNE EXPRESS to the person at the address

set forth below.

_____ by CERTIFIED MAIL – return receipt requested to the person at the

address set forth below.

_____ by telefaxing with acknowledgement of reciept to the person at the

address set forth below.

ADDRESS OF THE PERSON BEING SERVED:

RECEIVED
SCRANTON

JUN 26 2000

PER ___ DEPUTY CLERK

I declare under penalty of perjury that the foregoing is true and
correct.

_Ian Mordle_
Signature

Executed on _June 22,_ ___ ,2000