UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IAN MORDLE,                          : CIVIL ACTION NO. 1:00-1163

      Petitioner               : (KANE, J.)

      v.                       : (MANNION, M.J.)

IMMIGRATION AND                      :
NATURALIZATION SERVICE,

      Respondent               :

                                     :

**FILED**
**WILKES BARRE**

JAN 2 6 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## REPORT AND RECOMMENDATION

Petitioner, an alien in the custody of the Immigration and Naturalization at the York County Prison, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his continued confinement pending deportation. (Doc. No. 1).

On July 31, 2000, an order to show cause was issued. (Doc. No. 3). A response to the habeas corpus petition was filed on August 17, 2000, along with documents in support thereof. (Doc. Nos. 4-5). On September 25, 2000, the petitioner filed a reply brief. (Doc. No. 10).

By way of background, the petitioner is a citizen of Guyana, who lawfully entered the United States as an immigrant on December 14, 1980. (Doc. No. 5, Ex. A, p. 1).

On May 12, 1994, the petitioner was convicted in Kings County, New York, of criminal possession of a controlled substance. (Doc. No. 5, Ex. A, p. 2).

On March 31, 1995, the petitioner was convicted in Kings County, New York, of criminal possession of a weapon and was placed on probation for five (5) years. (Id.).

1

On January 13, 1997, the petitioner was convicted in Adams County, Pennsylvania, of burglary, criminal trespass and theft. He was sentenced to eighteen (18) to thirty-six (36) months of incarceration. (Id.).

On October 10, 1997, the INS detained the petitioner and charged him with being removable for having been convicted of a controlled substance violation under 8 U.S.C. § 1227(a)(2)(C), and for having been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). (Id.).

On April 21, 1998, an Immigration Judge, ("IJ"), ordered the petitioner removed to Guyana. (Doc. No. 5, Ex. A, p. 1). The petitioner did not appeal the IJ's decision, and the order of removal became final. (Id.). In the meantime, the petitioner was returned to state custody to serve his sentence for the Adams County conviction.

On June 29, 1999, subsequent to serving his sentence for his conviction in Adams County, Pennsylvania, the petitioner was taken into INS custody. (Id.).

On July 12, 1999, the INS requested travel papers for the petitioner from the Consulate of Guyana. (Doc. No. 5, Ex. A, p. 1 & B, ¶ 3).

On December 6, 1999, and January 24, 2000, the INS sought assistance from INS headquarters in obtaining travel documents for the petitioner. (Id.). Follow-up requests for travel documents were made on April 5, 2000, and May 19, 2000. (Doc. No. 5, Ex. B, ¶ 3).

On March 13, 2000, the petitioner was given notice that a file custody review would be conducted on April 3, 2000. (Doc. No. 5,

2

Ex. A, p. 7).

Subsequent to the file review on April 3, 2000, the interviewing deportation officer recommended that the petitioner continue to be detained due to the seriousness of his convictions and the fact that he had committed two (2) disciplinary infractions while incarcerated. (Doc. No. 5, Ex. A, p. 5). The deportation officer noted that the petitioner had declined to give information on his own behalf, despite having been given the opportunity to do so. (Id.).

On April 4, 2000, the reviewing officer concurred with the interviewing officer's recommendation, and on April 12, 2000, the Assistant District Director determined that the petitioner should remain in custody pending deportation and scheduled for another review in six (6) months.[1] (Doc. No. 5, Ex. A, pp. 5-6).

In order not to unduly lengthen this report, at least three (3) judges of this district have followed the reasoning set forth by the court in Zadvydas v. Underdown, 185 F.3d 279 (5th Cir. 1999), and concluded that excludable and deportable aliens are to be treated the same for due process purposes. See Cuesta Martinez v. INS, 97 F.Supp.2d 647 (M.D.Pa. 2000)(Caldwell, J.), appeal pending, No. 00-1921 (3d Cir.); Nguyen v. Holmes, Civil Action No. 4:99-2118 (M.D.Pa.)(unpublished opinions filed March 3, 2000, and August 4, 2000)(Muir, J.); Michel v. INS, 2000 WL 1656282 (M.D.Pa., November 3, 2000))(McClure, J.). In so doing, the courts concluded that the

---

[1]The petitioner's review should have been scheduled for sometime in October of 2000. Although the petitioner wrote to the court on October 8, 2000, inquiring as to the status of his petition, he gave no indication that he had not received his custody review. (Doc. No. 11).

3

framework of Ngo v. INS, 192 F.3d 390 (3d Cir. 1999), should be applied in analyzing an alien's due process claim.

In Ngo, the Third Circuit held that detailed Interim Procedures[2] instituted by the INS satisfy any due process concerns by individually analyzing an alien's eligibility for parole, the alien's present danger to society and his willingness to comply with the removal order, and by encouraging good faith review by requiring searching periodic reviews. Id. at 398-400.

Here, the petitioner was turned over to INS custody on June 29, 1999. Shortly thereafter, on July 12, 1999, the INS sought travel documents for the petitioner. When travel documents were not forthcoming, on December 6, 1999, and January 24, 2000, the INS requested assistance from headquarters in obtaining travel documents. On March 13, 2000, the plaintiff was given notice that he would receive a hearing on April 3, 2000.[3] The INS conducted a

---

[2]Among other things, the Interim Rules include: (1) written notice to the alien thirty (30) days prior to the custody review advising that he may present information supporting a release; (2) the right to representation by counsel or other individuals; (3) the opportunity for an annual personal interview; (4) written explanations for a custody decision; (5) the opportunity for review by INS headquarters; (6) reviews every six (6) months; and (7) a refusal to presume continued detention based on criminal history. Ngo at 399-401.

[3]In his reply brief, the plaintiff argues that the INS claims that he was given a record review on March 13, 2000, but that he did not receive a copy of the review and was not permitted to present favorable evidence prior to the review because it was addressed to the wrong institution. However, the document to which the plaintiff refers is simply the notice that he was to receive a file review on April 3, 2000. The file review conducted on that date correctly lists the York County Prison as the petitioner's current place of confinement and there is no indication that he did not receive that review.

4

custody review on April 3, 2000. The interviewing officer recommended that the petitioner continue to be detained due to the nature of his convictions, as well as the fact that he had committed two (2) disciplinary infractions while confined. On April 4, 2000, this decision was concurred in by the reviewing officer. Follow-up requests for travel documents were made on April 5, 2000, and May 19, 2000. On April 12, 2000, the Assistant District Director determined that the petitioner should be detained pending deportation and scheduled for another review in six (6) months. There is no indication in the record that the petitioner was not scheduled for another review within the six (6) month period or that the review was never conducted.

Thus, it would appear from the record that the INS has adequately complied with the provisions of Ngo in the petitioner's case.

On the basis of the foregoing,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

the petition for a writ of habeas corpus, (Doc. No. 1), be denied.

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** January 26, 2001

5

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

January 26, 2001

Re:  1:00-cv-01163    Mordle v. I.N.S.


True and correct copies of the attached were mailed by the clerk
to the following:

        Ian Mordle
        CTY-YORK
        08660-067
        #54704
        York County Prison
        3401 Concord Road
        York, PA  17402

        Theodore B. Smith III, Esq.
        U.S. Attorney's Office
        Room 217, Federal Building
        228 Walnut St.
        Harrisburg, PA  17108


cc:
Judge                     (  )
Magistrate Judge          (  )
U.S. Marshal              (  )
Probation                 (  )
U.S. Attorney             (  )
Atty. for Deft.           (  )
Defendant                 (  )
Warden                    (  )
Bureau of Prisons         (  )
Ct Reporter               (  )
Ctroom Deputy             (  )
Orig-Security             (  )
Federal Public Defender   (  )
Summons Issued            (  )  with N/C attached to complt. and served by:
                               U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5       (  )
Order to Show Cause       (  )  with Petition attached & mailed certified mail
                               to:  US Atty Gen   (  )  PA Atty Gen (  )
                                    DA of County  (  )  Respondents (  )

Bankruptcy Court          (  )
Other_____   (  )

                                       MARY E. D'ANDREA, Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN MORDLE, | : | CIVIL ACTION NO. 1:00-1163 |
| Petitioner | : | (KANE, J.) |
| v. | : | (MANNION, M.J.) |
| IMMIGRATION AND NATURALIZATION SERVICE, | : | |
| | : | |
| Respondent | | |

FILED
WILKES BARRE

JAN 2 6 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

N O T I C E

TO:    Ian Mordle, Reg. No. 08660-067
       YORK COUNTY PRISON
       3401 Concord Road
       York, PA    17402

       Theodore B. Smith, III, AUSA
       228 Walnut Street, Suite 200
       P.O. Box 11754
       Harrisburg, PA    17108-1754


       NOTICE IS HEREBY GIVEN that the undersigned has entered
the following:    **Report and Recommendation of Magistrate
                  Judge Mannion dated 01/26/01.**

Any party may obtain a review of the magistrate judge's above
proposed determination pursuant to Rule **72.3**, M.D.PA, which
provides: **72.3 REVIEW      OF      REPORTS AND
          RECOMMENDATIONS OF MAGISTRATE JUDGES
          ADDRESSING CASE DISPOSITIVE MOTIONS**


       Any party may object to a magistrate judge's proposed
findings, recommendations or report addressing a motion or matter
described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation
for the disposition of a prisoner case or a habeas corpus petition
within ten (10) days after being served with a copy thereof.  Such
party shall file with the clerk of court, and serve on the
magistrate judge and all parties, written objections which shall

specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.        A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.     The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**MALACHY E. MANNION**
**United States Magistrate Judge**


Dated:     January 26, 2001